# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2025

Lyle W. Cayce
Clerk

No. 24-11074

R. R., BY NEXT FRIEND J. R.,

*Plaintiff—Appellant*,

*versus*

MINERAL WELLS INDEPENDENT SCHOOL DISTRICT,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-1060

_____

Before HAYNES, HO, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

R.R., a student with learning disabilities, transferred to Mineral Wells Independent School District ("MWISD") in the February of his seventh-grade year. After R.R.'s arrival, a committee reviewed his eligibility for special education services under the Individuals with Disabilities Education Act ("IDEA"). The committee noticed that R.R. suffers from a specific learning disability affecting five areas: "oral expression, listening

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

comprehension, written expression, reading comprehension, mathematics calculation, and mathematics problem solving." So the committee developed an Individualized Education Plan ("IEP") to accommodate his needs.

The committee met several times per year to update R.R.'s IEP with new goals and resources. For example, R.R. received individualized math instruction. He joined an "Accelerated Learning Plan" after he failed the eighth-grade STAAR test. And he received separate reading instruction once his teacher expressed concerns about his reading comprehension. In general, R.R. "had a good attitude" in the classroom and his behavior generally did not impede his or other students' learning. R.R. passed his courses in seventh and eighth grade and was on track to graduate.

In the February of R.R.'s ninth-grade year, a classmate on R.R.'s baseball team threw a snowball in his face. R.R. confronted the classmate in the locker room after class and pointed a knife at his neck. R.R. was arrested for aggravated assault with a deadly weapon. After concluding that the incident was not a manifestation of R.R.'s disabilities, MWISD expelled R.R. His parents appealed the decision. While the appeal was pending, MWISD convened multiple meetings to discuss R.R.'s IEP and what educational services MWISD would offer after R.R.'s expulsion. Each time, the parents rejected MWISD's proposals, and the meetings ended without consensus. Later, MWISD finalized R.R.'s expulsion.

R.R.'s parents filed a due process complaint with the Texas Education Agency on R.R.'s behalf. After a hearing, the state hearing officer dismissed the complaint. R.R. then filed suit in the United States District Court for the Northern District of Texas. First, R.R. contended that MWISD failed to comply with its IDEA duty to provide an IEP reasonably calculated to confer him a meaningful educational benefit and had thus denied him a free and appropriate public education ("FAPE"). Second, R.R. argued that

MWISD's refusal to modify the terms of his expulsion was intentional discrimination under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973.

The district court granted MWISD's motion for judgment on the administrative record on R.R.'s IDEA claim. Applying the four-factor test established in *Cypress-Fairbanks Independent School District v. Michael F.*, 118 F.3d 245 (5th Cir. 1997), the court held that R.R.'s post-expulsion IEP was "reasonably calculated for him to receive meaningful education benefits." First, R.R.'s IEP was "individualized and based on [R.R.'s] assessment and performance" because the committee considered "multiple assessments" of R.R.'s progress, reviewed teacher and parent input, and regularly updated his services and goals based on that data. Second, MWISD provided the "least restrictive environment" for R.R.'s education because MWISD expelled R.R. for conduct that it correctly found was not a manifestation of R.R.'s disability. Third, MWISD provided services "in a coordinated and collaborative manner" because it conducted "a number of meetings in which [R.R.'s] parents were involved in the [IEP] process" and "their concerns were taken into account." Finally, R.R. derived a meaningful "educational benefit" from his IEP because he "passed all his courses" in seventh and eighth grade, "participated in baseball," had "good relationships with his" classmates and teachers, and was overall "making progress" prior to his expulsion. The district court also granted summary judgment in favor of MWISD for R.R.'s ADA and Section 504 claims, holding that the claims were issue precluded because they "stem from" and were "synonymous" with R.R.'s IDEA claims.

We have reviewed the parties' briefs, the record, the district court's thorough and well-reasoned opinion, and the applicable law. For substantially the reasons given by the district court, the order granting MWISD's motion

No. 24-11074

for judgment on the administrative record and summary judgment and denying R.R.'s motion for judgment is AFFIRMED.